No. 2775

Second Circuit

BORDELON v. CITY OF SHREVEPORT

(November 6, 1926.   Opinion and Decree.)
(December 11, 1926.   Rehearing Refused.)

*(Syllabus by the Editor.)*

1.  **Louisiana Digest—Municipalities—Par. —255, 258.**

A city cannot be held responsible in damages merely by reason of the fact that it left a machine in the street which was so high that a child could climb to the top and fall off, thereby injuring himself.

2. Louisiana   Digest—Municipalities—Par.
—Par. 262, 267; Pleading—Par. 62.

An exception no cause of action will be sustained against a petition which merely states that plaintiff's child was injured by reason of his having climbed to the top of a machine and fallen to the ground. The machine could not have been the proximate cause of the accident.

Appeal from the First Judicial District Court of Louisiana, parish of Caddo. Hon. T. F. Bell, Judge.

Action by Mrs. Lucille Bordelon against city of Shreveport.

There was judgment dismissing the suit on exception no cause of action filed by defendant and plaintiff appealed.

Judgment affirmed.

T. Overton Brooks, of Shreveport, attorney for plaintiff, appellant.

Wilkinson, Lewis & Wilkinson, of Shreveport, attorneys for defendant, appellee.

WEBB, J.   In this action plaintiff, individually and for the use and benefit of her minor son, seeks to recover judgment against the defendant for damages resulting from injuries alleged to have been sustained by her minor son through the negligence of defendant in having left upon the public street an attractive and dangerous machine to which the child was attracted and from which he fell.

The defendant filed an exception of no cause or right of action, which was sustained and plaintiff appealed.

### OPINION.

The plaintiff alleges that the machine, a ditch-digger, was dangerous; that it was attractive to children, and that it was left unguarded upon a public street, and that defendant knew that children would be attracted to the machine and that children had been playing on the machine.

Plaintiff further alleged that her son had been attracted to the machine and "was playing upon the machine, and that while so playing upon said machine he fell to the ground and fractured his left arm at the elbow".

There is no allegation that the fall was brought about by any automatic movement of the machine or by the child's meddling or tampering with the mechanism of the machine, and the most which can possibly be inferred from the allegations of the petition is that the machine was of such dimensions that a child could climb upon it and reach such height above the ground that a fall therefrom would be likely to injure him.

It is conceded as a general proposition that one may be guilty of negligence in leaving unguarded or unprotected a dangerous machine on a public street which is attractive to children and that he may be held liable in damages for injuries sustained by a child playing with the machine when such negligence is the proximate cause of the injuries.

There is, however, no allegation which in any manner connects the injuries received by plaintiff's son with the alleged dangerous character of the machine, unless it may be said that any object having such height as that it would be dangerous for a child to climb upon it comes within the class of dangerous machines under the doctrine of the turntable cases.

We have not been cited to any case in which such rule has been announced,

while on the other hand the general rule appears to be to the contrary.

"As a general proposition no liability is imposed by reason of injuries from articles or materials placed in the form of a pile—as for example, stones, railroad ties, steel girders or lumber—the perils from such instrumentalities being obvious in character." (R. C. L. vol 20, page 89.)

It appears from the allegations of the petition that the injuries received by the child were not attributable to the mechanism of the machine, which had been placed in motion by the child, nor to any latent defect or danger, but to the fact that the child could, by climbing upon the machine, place himself in a position from which he might fall a sufficient distance to injure himself.

We are of the opinion that the allegations of the petition are insufficient to state a cause of action, as it is not alleged that the injury was in any manner attributable to any dangerous feature of the machine or to the situation in which it was left.

The judgment is affirmed.